IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA LAMBERT,<br>　　　　Plaintiff<br><br>　　v.<br><br>SUPERINTENDENT WILLIAM WOLFF,<br>in his individual capacity,<br><br>　　and<br><br>DEPUTY SUPERINTENDENT<br>CHARLES UTZ, in his<br>individual capacity,<br><br>　　and<br><br>CAPTAIN KEITH BARTLETT,<br>in his individual capacity,<br><br>　　and<br><br>JOHN RAUN, in his<br>individual capacity,<br><br>　　and<br><br>JAMES EICHER, in his<br>individual capacity,<br><br>　　and<br><br>DEPUTY SUPERINTENDENT<br>VICTORIA DORMANIC, in<br>her individual capacity,<br><br>　　　　Defendants | C.A. 96-247 ERIE<br><br>Jury Trial Demanded |

## COMPLAINT

### I. Jurisdiction

1.  A female prisoner of the State Correctional Institution at Cambridge Springs, Pennsylvania brings this Section 1983 action to recover damages for profound violations of her civil rights.

She invokes this Court's jurisdiction to address her claims under 28 U.S.C. Section 1343, a statute that confers federal jurisdiction over actions alleging violations of constitutional rights by persons acting under color of state law. In this case, it is asserted that rights protected by the Fourth and Eighth Amendments to the United States Constitution were repeatedly trampled by the plaintiff's custodians, causing her serious and protracted harm.

## II. Parties

2. The plaintiff, Lisa Lambert, was an inmate of the State Correctional Institution at Cambridge Springs throughout the time period encompassed by this complaint.

3. Defendant William Wolff was the Superintendent of the State Correctional Institution at Cambridge Springs throughout the time period covered by this complaint. In that capacity, he was responsible for establishing and implementing policies, practices and procedures to protect female prisoners from physical or sexual exploitation or abuse at the hands of male guards; for the training of male guards in the management and care of female prisoners in ways that avoided the physical or sexual exploitation of the inmates; for the monitoring and supervision of male guards while they interacted with female prisoners; for the investigation of incidents of possible physical or sexual exploitation or abuse of female prisoners by male guards; and for the disciplining of guards who were engaging in such activities with female prisoners.

4. Defendant Charles Utz was a Deputy Superintendent at the prison throughout the time period covered by this complaint. In that capacity, he had the administrative authority as well as the responsibility to meaningfully investigate Lisa Lambert's allegations that she was being physically and sexually abused by guards under his command and to initiate appropriate administrative action to end the abuse and, thereby, protect Ms. Lambert from harm at the hands of his subordinates. He was also responsible for the training of male guards in the management and care of female prisoners in ways that avoided the physical or sexual exploitation of the inmates; for the investigation of possible acts of sexual or physical abuse by guards under his command; and for the supervision and monitoring of guards while they interacted with inmates in the institution.

5. Defendant Keith Bartlett was the Intelligence Captain at the prison throughout the time period covered by this complaint. In that capacity, he was responsible for investigating acts of possible physical or sexual abuse by prison guards, and for identifying guards to the prison administration who were engaging in such activities.

6. Defendant John Raun was a guard at the prison throughout the time period covered by this complaint.

7. Defendant James Eicher was a guard at the prison throughout the time period covered by this complaint.

8. Defendant Victoria Dormanic was a Deputy Superintendent at the prison throughout the time period covered by this complaint.

9. When violating Lisa Lambert's civil rights, the defendants acted under color of state law within the meaning of the Civil Rights Act of 1871.

III. <u>Facts</u>

10. Lisa Lambert was admitted to the State Correctional Institution at Cambridge Springs--a minimum security women's prison operated by the Pennsylvania Department of Corrections--in January of 1993.

11. Beginning in May of 1993, and continuing into October of 1994, officer Raun on several occasions kissed and fondled Lisa Lambert, against her will, within the confines of the prison. He also maliciously and sadistically beat her several times.

12. In addition to officer Raun's ongoing victimization of Lisa Lambert, officer Eicher also abused Ms. Lambert both physically and sexually within the prison walls.

13. On three occasions between August 20, 1994 and October of 1994, officer Eicher had sexual intercourse with Lisa Lambert and otherwise sexually assaulted her. There were numerous other times when officer Eicher either sexually assaulted or beat Ms. Lambert.

14. The abuse administered to Lisa Lambert by officers Raun and Eicher caused the plaintiff severe emotional distress, humiliation, embarrassment and depression as well as physical injuries.

15. In May of 1996, officer Eicher was criminally prosecuted and convicted of aggravated sexual assault, indecent assault, and official oppression in connection with his abuse of Lisa Lambert.

16. Officers Raun and Eicher were tacitly encouraged and able to exploit Ms. Lambert because of the deliberate indifference of defendants Wolff, Utz and Bartlett.

17. On information and belief, other SCI-Cambridge Springs guards were sexually harassing and abusing female prisoners prior to and throughout this time period. However, defendants Wolff, Utz and Bartlett acquiesced to this pattern of exploitation.

18. On information and belief, Superintendent Wolff and Deputy Superintendent Utz did not establish or implement adequate policies, practices and procedures to protect female prisoners from sexual or physical abuse at the hands of male guards; did not adequately train male guards in the management and care of female prisoners in ways that would avoid the sexual or physical exploitation of such prisoners; did not have in place adequate mechanisms to monitor or supervise male guards while they interacted with female inmates; did not see to it that complaints of sexual or physical abuse or possible incidents of such abuse were adequately investigated; and did not take necessary and appropriate steps to discipline guards who were engaging in such activities with female prisoners. These omissions--in an environment that inherently lent itself to sexual abuse and exploitation--were the product of deliberate indifference on the

part of these defendants to the safety and physical integrity of Lisa Lambert and other women confined at the prison.

19. The deliberate indifference that characterized the administration's approach to the problem of the sexual abuse and exploitation of female inmates by prison personnel during this time period had the effect of tacitly authorizing and encouraging officer Raun's and Eicher's abuse of Lisa Lambert and was a moving force and cause of the constitutional violations at issue.

20. On information and belief, Deputy Superintendent Utz was informed as early as July of 1993 about officer Raun's abusive conduct towards Lisa Lambert but failed as a result of his indifference to take appropriate measures to control Raun's behavior. This also enabled Raun to inflict abuse on Lisa Lambert.

21. On information and belief, defendants Wolff, Utz and Bartlett failed to apprise the Department of Corrections' Central Office of the pattern of sexual abuse that was being perpetrated by Cambridge Springs personnel against women prisoners during that time period. This was a factor that perpetuated the culture of abuse which infected the institution and enabled officers Raun and Eicher to sexually and physically exploit Lisa Lambert with impunity.

22. On information and belief, Captain Bartlett manifested deliberate indifference to the plight of the women confined to Cambridge Springs by failing during this time period to meaningfully investigate complaints of sexual and physical abuse by guards against other female inmates and against Lisa Lambert. His

indifference tacitly encouraged officers Raun and Eicher to abuse Ms. Lambert.

23. The egregious abuse of Lisa Lambert was not limited to the acts imposed on her by officers Raun and Eicher. In November of 1994, after Lisa Lambert returned to the prison from another facility, Deputy Superintendent Victoria Dormanic forced her to remove her clothing and to be videotaped and photographed in the presence of several female officers without any legitimate penological or institutional reason for doing so.

24. The cameras took pictures of the most private areas of Ms. Lambert's body, causing her extreme embarrassment and humiliation.

25. On information and belief, Superintendent Wolff authorized the videotaping and photographing of Lisa Lambert's nude body either specifically or as a matter of policy.

IV. Claims

26. Subjecting Lisa Lambert to ongoing sexual touching, fondling and kissing against her will inflicted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and offended the Fourth Amendment's prohibition against unreasonable searches and seizures.

27. Requiring Lisa Lambert to engage in sexual intercourse and oral sex against her will violated the Fourth and Eighth Amendments to the United States Constitution.

28. Requiring Lisa Lambert to expose her genitals and other private parts of her body against her will undermined her right to bodily privacy in violation of the Fourth Amendment and constituted cruel and unusual punishment.

29. Photographing and videotaping Lisa Lambert's naked body against her will under the circumstances of this case undermined her right under the Fourteenth Amendment to bodily privacy and inflicted cruel and unusual punishment.

30. The acts described above also violated Lisa Lambert's right to equal protection of the laws.

31. The acts and omissions of defendants Wolff, Utz and Bartlett described in the factual allegations of this complaint caused Lisa Lambert's rights under the Fourth, Eighth and Fourteenth Amendments to the Constitution to be violated.

## V. Relief

For the reasons expressed above, the plaintiff respectfully requests the following relief:

(1) The entry of a declaratory judgment that her constitutional rights were violated;

(2) The award of compensatory and punitive damages;

(3) The award of reasonable attorney's fees, court costs, and litigation expenses.

Dated:   August 20, 1996

_____
Jere Krakoff
I.D. No. 13701
1705 Allegheny Building
Pittsburgh, PA  15219
(412) 232-0276

Angus Love
Pennsylvania Institutional
Law Project
924 Cherry Street, Ste. 523
Philadelphia, PA  19107
(215) 925-2966
Attorneys for plaintiff