IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LAMBERT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 96-247 Erie |
| | ) | |
| SUPERINTENDENT WILLIAM WOLFE, | ) | |
| in his individual capacity, | ) | |
| DEPUTY SUPERINTENDENT | ) | |
| CHARLES UTZ, in his | ) | |
| individual capacity, | ) | |
| CAPTAIN KEITH BARTLETT, | ) | |
| in his individual capacity, | ) | |
| JOHN RAUN, in his individual | ) | |
| capacity, JAMES EICHER, in | ) | |
| his individual capacity, and | ) | |
| DEPUTY SUPERINTENDENT | ) | |
| VICTORIA DORMANIC, in her | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS WOLFE, UTZ, BARTLETT
RAUN AND KORMANIC TO COMPLAINT**

Defendants, Wolfe, Utz, Bartlett, Raun, and Kormanic, by
their attorneys, Thomas W. Corbett, Jr., Attorney General, Thomas
F. Halloran, Senior Deputy Attorney General, and John G. Knorr,
III, Chief Deputy Attorney General, Chief, Litigation Section,
state that they have a full, complete, and just defense to any and
all of plaintiff's complaints, and insofar as it is necessary to
set forth those defenses in an answer they are as follows:

## **FIRST DEFENSE**

Defendants respond to plaintiff's factual allegations as follows:

1.    Paragraph 1 of plaintiff's complaint is a statement of jurisdiction to which no response is required.  To the extent a response is deemed necessary, defendants admit that this Court has jurisdiction over the federal claims.

2.    The   averments   contained   in   paragraph   2   of plaintiff's complaint are admitted.

3.    The   averments   contained   in   paragraph   3   of plaintiff's complaint are admitted.

4.    The   averments   contained   in   paragraph   4   of plaintiff's complaint are admitted.

5.    The   averments   contained   in   paragraph   5   of plaintiff's complaint are admitted.

6.    The   averments   contained   in   paragraph   6   of plaintiff's complaint are admitted.

7.    The   averments   contained   in   paragraph   7   of plaintiff's complaint are not directed to an answering defendant, and therefore, no response is necessary.

8.    The   averments   contained   in   paragraph   8   of plaintiff's  complaint are admitted.

9.    The   averments   contained   in   paragraph   9   of plaintiff's  complaint are admitted in part and denied in part.  It is denied that defendants violated plaintiff's civil rights. Strict proof thereof is demanded at the time of trial.   It is

2

admitted that defendants acted under color of state law within the meaning of the Civil Rights Act of 1871.

10.   The averments contained in paragraph 10 of plaintiff's complaint are admitted.

11.   The averments contained in paragraph 11 of plaintiff's complaint are denied.   Strict proof thereof is demanded at the time of trial.

12.   The averments contained in paragraph 12 of plaintiff's complaint are not directed to an answering defendant, and therefore, no response is required.

13.   The averments contained in paragraph 13 of plaintiff's complaint are not directed to an answering defendant, and therefore, no response is required.

14.   The averments contained in paragraph 14 of plaintiff's complaint concerning answering defendant Raun are conclusions of law to which no response is required.   To the extent a response is deemed necessary, paragraph 14 is denied.   Strict proof thereof is demanded at the time of trial.

15.   The averments contained in paragraph 15 of plaintiff's complaint are not directed to an answering defendant, and therefore, no response is required.

16.   The averments contained in paragraph 16 of plaintiff's complaint are denied.   Strict proof thereof is demanded at the time of trial.

3

17.   The   averments   contained   in   paragraph   17   of plaintiff's   complaint   are   denied.    Strict   proof   thereof   is demanded at the time of trial.

18.   The   averments   contained   in   paragraph   18   of plaintiff's   complaint   are   denied.    Strict   proof   thereof   is demanded at the time of trial.

19.   The   averments   contained   in   paragraph   19   of plaintiff's   complaint   are   denied.    Strict   proof   thereof   is demanded at the time of trial.

20.   The   averments   contained   in   paragraph   20   of plaintiff's   complaint are denied.   On the contrary, Defendant Utz met with the plaintiff on July 21, 1993, but she did not make any allegations of abuse.   Strict proof thereof is demanded at the time of trial.

21.   The   averments   contained   in   paragraph   21   of plaintiff's   complaint   are   denied.    Strict   proof   thereof   is demanded at the time of trial.

22.   The   averments   contained   in   paragraph   22   of plaintiff's   complaint   are   denied.    Strict   proof   thereof   is demanded at the time of trial.

23.   The   averments   contained   in   paragraph   24   of plaintiff's   complaint are denied as stated.   Strict proof thereof is demanded at the time of trial.   On the contrary, on or about November 22, 1994, the plaintiff was strip searched in a reasonable manner in accordance with Administrative Directive 203 on her return from a court date.

4

24.    The averments contained in paragraph 24 of plaintiff's complaint are denied as stated. Strict proof thereof is demanded at the time of trial. On the contrary, the plaintiff was subjected to a medical examination by medical staff. While she remained clothed in undergarments, the plaintiff was photographed and videotaped during this medical examination in order to document her physical condition.

25. The averments contained in paragraph 25 of plaintiff's complaint are denied as stated. Strict proof thereof is demanded at the time of trial. On the contrary, Superintendent Wolff authorized the videotaping and photographing of the plaintiff in her undergarments.

26. The averments contained in paragraph 26 of plaintiff's complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, paragraph 26 is denied. Strict proof thereof is demanded at the time of trial.

27. The averments contained in paragraph 27 of plaintiff's complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, paragraph 27 is denied. Strict proof thereof is demanded at the time of trial.

28.   The averments contained in paragraph 28 of plaintiff's complaint are conclusions of law to which no response is required.   To the extent a response is deemed necessary, paragraph 28 is denied.   Strict proof thereof is demanded at the time of trial.

29.   The averments contained in paragraph 29 of plaintiff's complaint are conclusions of law to which no response is required.   To the extent a response is deemed necessary, paragraph 29 is denied.   Strict proof thereof is demanded at the time of trial.

30.   The averments contained in paragraph 30 of plaintiff's complaint are conclusions of law to which no response is required.   To the extent a response is deemed necessary, paragraph 30 is denied.   Strict proof thereof is demanded at the time of trial.

31.   The averments contained in paragraph 31 of plaintiff's complaint are conclusions of law to which no response is required.   To the extent a response is deemed necessary, paragraph 31 is denied.   Strict proof thereof is demanded at the time of trial.

32.   _Relief_.   It is denied that plaintiff is entitled to any relief whatsoever.   Strict proof thereof is demanded at the time of trial.

## SECOND DEFENSE

33.    To the extent plaintiff seeks relief from the defendants in their official capacities for claims in the nature of a constitutional violation, it is barred by the Eleventh Amendment.

## THIRD DEFENSE

34.    At no time have the defendants, either individually or in concert, deprived or sought to deprive the plaintiff of any right, privilege, or immunity secured to them by the Constitution or laws of the United States.

## FOURTH DEFENSE

35.    Defendants have at all times relevant to the subject matter of plaintiff's complaint acted in good faith with a reasonable belief in the lawfulness of their actions.

## FIFTH DEFENSE

36.    Defendants are entitled to qualified immunity in that no clearly established constitutional right was violated.

## SIXTH DEFENSE

37.    The defendants were at all times material acting pursuant to duty required by statute or statutorily authorized regulations, and therefore, said acts were within the discretion granted to them by state or statutorily authorized regulations.

## SEVENTH DEFENSE

38.  The complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

39.  Any injuries received by plaintiff as are alleged in his complaint were the result of the actions of the plaintiff and the defendants cannot be held liable therefore.

## NINTH DEFENSE

40.  The claims raised by plaintiff are barred by the applicable statute of limitations.

WHEREFORE, defendants request judgment in their favor and against plaintiff, with costs of this suit and fees charged against plaintiff.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
Attorney General

By: _____
Thomas F. Halloran
Senior Deputy Attorney General
PA ID. 10413

John G. Knorr, III
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date:    December 10, 1996

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA LAMBERT,                         )
                                      )
                    Plaintiff         )
                                      )
          v.                          )     Civil Action No. 96-247 Erie
                                      )
SUPERINTENDENT WILLIAM WOLFE,         )
et al.,                               )
                                      )
                    Defendants. )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the

within **Answer of Defendants Wolfe, Utz, Bartlett, Raun and**

**Kormanic to Complaint** was served upon the following via first-

class mail:

Jere Krakoff, Esquire
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219


_Thomas F. Halloran_
Thomas F. Halloran
Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date:     December 10, 1996