In the United States District Court
For the Western District of Pennsylvania

Lisa Lambert

  v.                                C.A. 96-247 Erie

Superintendant William Wolfe,
et al.,
            Defendants.

## Answer of Pro se Defendant James Eicher To Complaint

Pro Se Defendant James R. Eicher Sr., hereby states that he has a full, complete, and just defense to any and all of plaintiff's Complaints, and insofar as it is Necessary to set forth those defenses in an answer they are as follows:

### First Defense

Pro Se Defendant James R. Eicher Sr., responds to plaintiff's factual allegations as follows:

1. Paragraph 1 of plaintiff's Complaint is a Statement of jurisdiction to which no response is required. To the extent that a response is Necessary, this defendant admits that this Court has jurisdiction over federal claims.

2. The averments contained in paragraph 2 of the plaintiff's Complaint are admitted.

3. The averments contained in paragraph 3 of the plaintiff's complaint are admitted.

4. The averments contained in paragraph 4 of the plaintiff's complaint are admitted.

5. The averments contained in paragraph 5 of the plaintiff's complaint are admitted.

6. The averments contained in paragraph 6 of the plaintiff's complaint are admitted.

7. The averments contained in paragraph 7 of the plaintiff's complaint are admitted.

8. The averments contained in paragraph 8 of the plaintiff's complaint are admitted.

9. The averments contained in paragraph 9 of the plaintiff's complaint are admitted in part and denied in part. It is denied that this defendant violated plaintiff's civil rights in any way, shape, or form. Strict proof thereof is demanded at the time of trial. It is admitted that this defendant acted under Color of State Law within the meaning of the Civil Rights Act of 1871.

10. The averments contained in Paragraph 10 of the plaintiff's complaint are admitted.

11. The averments contained in paragraph 11 of the plaintiff's complaint are not directed to this defendant and therefore, no response is required.

12. The averments contained in paragraph 12 of plaintiff's complaint are denied. Strict proof thereof is demanded at the time of trial.

13. The averments contained in paragraph 13 of plaintiff's complaint are denied. Strict proof thereof is demanded at the time of trial.

14. The averments contained in paragraph 14 of plaintiff's complaint concerning this defendant are conclusion of law to which no response is required. To the extent a response is deemed necessary, paragraph 14 is denied. Strict proof thereof is demanded at the time of trial.

15. The averments contained in paragraph 15 of plaintiff's complaint are admitted in part and denied in part. It is admitted that this defendant was criminally prosecuted and convicted of aggravated indecent assault, indecent assault, and official oppression, in connection with the allegations made by the plaintiff. However it is denied that the allegations made by the plaintiff concerning this defendant are factual. And that this defendant's conviction was only achieved by the way of a poorly conducted investigation, false statements to the authorities by the plaintiff, perjured testimony during criminal proceedings by the plaintiff, failure of prosecution to disclose evidence favorable to this defendant for use in the criminal trial, and this defendant's trial counsel's inability to aprise the court of the true facts in the criminal proceedings. This defendant contends that he is in fact innocent on all counts.

16. The averments contained in paragraph 16 of plaintiff's complaint are denied. Strict proof thereof are demanded at the time of trial.

17. The averments contained in paragraph 17 of plaintiff's complaint are not directed to this defendant and therefore, no response is required.

18. The averments contained in paragraph 18 of plaintiff's complaint are not directed to this defendant and therefore, no response is required.

19. The averments contained in paragraph 19 of plaintiff's complaint are not directed to this defendant and therefore, no response is required. To the extent an answer is deemed necessary, paragraph 19 is denied.

20. The averments contained in paragraph 20 of plaintiff's complaint are not directed to this defendant and therefore, no response is required.

21. The averments contained in paragraph 21 of plaintiff's complaint are not directed to this defendant and therefore, no response is required. To the extent an answer is deemed necessary, paragraph 21 is denied.

22. The averments contained in paragraph 22 of plaintiff's complaint are not directed to this defendant and therefore, no response is required. To the extent an answer is deemed necessary, paragraph 22 is denied.

23. The averments contained in paragraph 23 of plaintiff's Complaint are not directed to this defendant and therefore no response is required. To the extent an answer is deemed necessary, paragraph 23 is denied.

24. The averments contained in paragraph 24 of plaintiff's complaint are not directed to this defendant and therefore no response is required

25. The averments contained in paragraph 25 of plaintiff's Complaint are not directed to this defendant and therefore no response is required.

26. The averments contained in paragraph 26 of plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is necessary, Paragraph 26 is denied. Strict proof thereof is demanded at the time of trial.

27. The averments contained in paragraph 27 of plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is necessary, Paragraph 27 is denied. Strict proof thereof is demanded at the time of trial.

28. The averments contained in paragraph 28 of plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is necessary, Paragraph 28 is denied. Strict proof thereof is demanded at the time of trial.

29. The averments contained in paragraph 29 of plaintiff's complaint are conclusions of law to which no response is required. To the extent a response is necessary, paragraph 29 is denied. Strict proof thereof is demanded at the time of trial.

30. The averments contained in paragraph 30 of plaintiff's complaint are conclusions of law to which no response is required. To the extent a response is necessary, paragraph 30 is denied. Strict proof thereof is demanded at the time of trial.

31. The averments contained in paragraph 31 of plaintiff's complaint are conclusions of law to which no response is required. To the extent a response is necessary, paragraph 31 is denied. Strict proof thereof is demanded at the time of trial.

32. <u>Relief</u>. It is denied that plaintiff is entitled to any relief whatsoever. Strict proof thereof is demanded at the time of trial.

### Second Defense

33. To the extent plaintiff seek relief from the this defendant in his official capacity for claims in the nature of a constitutional violation, it is barred by the Eleventh Amendment.

### Third Defense

34. At no time has this defendant, either individually or in concert, deprived or sought to deprive the plaintiff of any right or immunity secured to them by the Constitution or laws of the United States.

### Fourth Defense

35. This defendant has at all times relevant to the subject matter of plaintiff's complaint acted in good faith with a resonable belief in the lawfulness of his actions.

### Fifth Defense

36. This defendant is entitled to qualified immunity in that no clearly established Constitutional right was violated.

### Sixth Defense

37. This defendant was at all times material acting pursuant to duty required by statute or statutorily authorized regulations, and therefore, said acts were within the discretion granted to him by the State or statutorily authorized regulations.

### Seventh Defense

38. The complaint fails to state a claim upon which relief can be granted.

### Eighth Defense

39. Any injuries receieved by the plaintiff as are alleged in his complaint were the result of the actions of the Plaintiff and this defendant cannot be held liable therefore.

40. The claims raised by plaintiff are barred by the applicable Statute of limitations.

Wherefore, this defendant requests judgement in his favor and against plaintiff, with costs of this suit and fees charged against plaintiff.

Respectfully Submitted,

Pro-Se :    James R. Eicher SR
            DL-5603
            RD#1 Box 67
            Waynesburg, Pa.
            15370

Date : Mar. 17, 1999

Certificate of Service

I hereby certify that a true and correct copy of the within Answer of Pro Se defendant James R. Eicher SR. to the complaint was served upon the following via first class mail:

Jere Krakoff, ESQ.  
1705 Allegheny Bldg.  
429 Forbes Ave.  
Pittsburgh, Pa. 15219

Thomas Halloran S.D.A.G.  
Office of Attorney General  
564 Forbes Ave.  
Pittsburgh, Pa. 15219

Clerk of Courts  
U.S. District Court Western District of Pa.  
227 USPO & Courthouse  617 State St.  Erie Pa. 16501