## IN THE UNITED STATED DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA LAMBERT              )
                      )
                      )
        v.            )
                      )   Civil Action No. 96-247
                      )   Judge Sean J. McLaughlin
WILLIAM WOLFE; KEITH     )   Magistrate Judge Susan Paradise Baxter
BARLETT, JOHN RAUN;      )
JAMES EICHER; and VICTORIA  )
KORMANIC            )
                      )
                      )   Electronically Filed

## <u>MOTION TO RECONSIDER THE COURT'S ORDER OF OCTOBER 18, 2006 PERMITTING THE SUBSTITUTION OF DEFENDANT BARTLETT'S ESTATE, SUCCESSORS, OR REPRESENTATIVES AS A PARTY DEFENDANT</u>

AND NOW, comes the Defendants, Wolfe, Bartlett, Raun, and Kormanic, by their attorneys Thomas W. Corbett, Jr., Attorney General, Robert A. Willig, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and respectfully submit the following:

1.     The Defendants filed a Suggestion of Death Upon the Record Under Rule 25 on October 13, 2006 stating that Defendant Bartlett had passed away in 2003 and that he should be dismissed a party to this lawsuit. Plaintiff filed a Motion for Substitution Under Rule 25 Upon Suggestion of Death on October 17, 2006 asking that Bartlett's "estate, successors, or representatives pursuant to F.R.C.P. 25(a)" be substituted for Bartlett.  By Order dated October 18, 2006, this Court granted Plaintiff's request and substituted Bartlett's estate, successors, or representatives for Bartlett.

2.     The Defendants respectfully submit that before Plaintiff can substitute a decedent's estate, successors, or representatives for the decedent himself, she must first

show that an estate, successors, or representatives even exist. If none of these legal entities even exist they cannot be substituted as parties.

3.      In *Sinito v. United States Department of Justice,* 176 F.3d 512, 515 (D.C. Cir. 1999)(citations omitted) the Court held a person may be a proper substitute for a decedent:

> …if he is found to be [the decedent's] legal representative under Rule 25…Although it is generally accepted that the proper party for substitution must be a "legal representative" of the deceased…the addition of the word "successor" to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate…Thus, we have held not only that an executor or administrator of a decedent's estate is a proper party for substitution, but also that the distributee of a decedent's estate may be a "successor" of an estate that has been distributed and thus can be a proper party.

The *Sinito* Court concluded, "since there is no record evidence on whether [the proposed substitute] is a proper party for substitution under Rule 25, we remand the case to the district court to determine if he qualifies under the Rule." *Sinito, supra,* 176 F.3d at 516. The Defendants respectfully submit that the burden is on Plaintiff to show that a proper "legal representative" in the form of an estate, or representative, or successor, or even a "distributee" exists before substitution is permitted. *See also Marcano v. Offshore Venezuela, C.A.,* 497 F.Supp. 204 (E.D. La. 1980)(Person seeking to serve as substitute has burden to show she is "proper party" under Rule 25); *United States v. Seventy-One Firearms,* 2006 WL 1983240 at 3 (D. Nev. 2006)(Ruling on motion to substitute withheld until proof that person seeking to act as substitute actually was the administrator of the estate.)

WHEREFORE, the Defendants request that this Honorable Court vacate its Order of October 18, 2006 permitting Plaintiff to substitute Bartlett's estate, representatives, or successors for Defendant Bartlett.  The Defendants further request that this Court direct Plaintiff to provide proof that a proper party exists before permitting substitution of that party for Defendant Bartlett.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

/s/ Robert A. Willig
ROBERT A. WILLIG
Senior Deputy Attorney General
Attorney I.D. No. 53581

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Ave.
Pittsburgh, PA  15219
Phone: (412) 565-5696
Fax:    (412) 565-3019

Susan J. Forney
Chief Deputy Attorney General

Date:  October 27, 2006

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true and correct copy of the within Motion to Reconsider the Court's Order of October 18, 2006 Permitting the Substitution of Defendant Bartlett's Estate, Successors, or Representatives was served upon the following via ECF this 27th day of October  2006:


Angus Love
Sue Ming Yeh
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304 South
Philadelphia, PA 19106



   I hereby certify that a true and correct copy of the within Motion to Reconsider the Court's Order of October 18, 2006 Permitting the Substitution of Defendant Bartlett's Estate, Successors, or Representatives was served upon the following via first class mail this 27th day of October 2006:

James Eicher
209 McConnell Road
New Wilmington, PA 16142

            /s/ Robert A. Willig
            ROBERT A. WILLIG
Office of Attorney General     Senior Deputy Attorney General
6th Floor, Manor Complex    Attorney I.D. No. 53581
564 Forbes Ave.
Pittsburgh, PA  15219
Phone: (412) 565-5696     Susan J. Forney
Fax: (412) 565-3019      Chief Deputy Attorney General


Date:  October 27, 2006