IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LAMBERT, | : | |
| | : | CIVIL ACTION NO: |
| Plaintiff, | : | 96 CV. 247  Erie |
| | : | |
| v. | : | Judge Sean J. McLaughlin |
| | : | Magistrate Judge BAXTER |
| SUPERINTENDENT WILLIAM WOLFE, et al., | : | |
| | : | (Filed via ECF) |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S OPPOSITION TO MOTION TO RECONSIDER THE COURT'S ORDER OF OCTOBER 18, 2006 PERMITTING THE SUBSTITUTION OF DEFENDANT BARTLETT'S ESTATE, SUCCESSORS, OR REPRESENTATIVES AS A PARTY DEFENDANT**

Plaintiff Lisa Lambert opposes Defendants' Motion to Reconsider.  Ms. Lambert's claim clearly survives Bartlett's death.  Moreover, the burden of identifying the decedent's representative or successor lies with those filing the suggestion of death, or in some cases, those most likely to be able to identify the decedent's representative—in this case, Defendants both filed the Suggestion of Death and are the parties best able to identify decedent's representative.  Therefore, Plaintiff moves for disclosure of Bartlett's estate executor, administrator, distributor, or representative, or in the alternative, information relating to Bartlett's death, most recent known address, and closest living relatives.

I.    **Plaintiff's Cause of Action Survives Bartlett's Death**

Pursuant to Rule 25(a)(1), "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." F.R.C.P. 25(a)(1). In the case here, Plaintiff's claim against defendant Bartlett clearly is not extinguished. Whether an action survives is a question of substance rather than procedure, and is determined by the law of the jurisdiction in which the cause of action arose. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Fed. Practice and Procedure § 1952 (2006); Ransom v. Breenan, 437 F.2d 513, 520 (5th Cir. 1971).

Plaintiff's action is brought pursuant to § 1983 for violations of the Fourth, Eighth and Fourteenth Amendments. While § 1983 cases fall under federal courts' federal question jurisdiction, the Supreme Court has held that the survival of a § 1983 action is determined by looking at state law. Robertson v.Webmann, 436 U.S. 584, 588-90 (1978).

Plaintiff's suit is based on events that took place in Pennsylvania, and consequently was filed in Pennsylvania. As stated in 42 Pa. Cons. Stat. § 8302 and 20 Pa. Cons. Stat. § 3371, Pennsylvania state law unequivocally provides that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or defendant." 20 Pa. Cons. Stat. § 3371; Pa. Cons. Stat. § 8302; see Myers v. Estate of Wilks, 655 A.2d 176, 178 (Pa. Super. 1995); see also Pietrowski v. Town of Dibble, 134 F.3d 1008 (10th Cir. 1998) (holding that § 1983 suit survives death of a party based on Oklahoma state law); Nguyen v. U.S. D.E.A., No. 1:0 CV 00026 MP AK, 2005 WL 2143970, at *4 (N.D. Fla. Sept. 1, 2005) (finding that suit based on a federal question was not extinguished by defendant's death because Florida's law stated that "[n]o cause of action dies with the person"). Therefore, Pennsylvania law provides that Plantiff's claims against Bartlett survive his death.

## II.   Defendants Must Identify Bartlett's Estate Representative or Successor

Plaintiff's action survives Bartlett's death, yet defendants seek Bartlett's dismissal on technical grounds, arguing that Ms. Lambert bears the burden "to show that a proper 'legal representative' in the form of an estate, or representative, or successor, or . . . a 'distributee' exists before substitution is permitted."[1]  (D. Mem. of Law at 2.)  However, courts frequently place the burden of naming a decedent's representative on those that file the suggestion of death, which in this case was filed by Defendants.  The D.C. Circuit, after reviewing the Advisory Committee notes to the 1963 rule amendment, explained, "The Advisory Committee, in outlining that suggestion of death could be made by 'the representative of the deceased party' plainly contemplated that the *suggestion emanating from the side of the deceased would identify a representative of the estate*, such as an executor or administrator, *who could be substituted for the deceased as a party*, with the action continued in the name of the representative."  Rende v. Kay, 415 F.2d 983, 984 (D.C. Cir. 1969) (emphasis added).  The D.C. Circuit also noted that otherwise, the failure of the deceased defendant's counsel to indicate "what person was available to be named in substitution as a representative of the deceased" would "open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days."  Id. at 986.  The D.C. Circuit thus based its holding on the principle that those who file the suggestion of death are in the best position to identify the proper representative for the deceased.

---

[1] While an appointed executor or administrator of a deceased party may be a proper party for substitution, so may a distributee of an unprobated distributed estate.  Indyk v. Experian Info. Solutions, Inc., Civ. No. 04-3755(AET), 2006 WL 1582093, at *1 (D.N.J. 2006); McSurely v. McClellan, 753 F.2d 88, 99 (D.C. Cir. 1985); Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y. 1986).

Other courts have similarly required either that the Suggestion or Statement of Death indicate the executor of decedent's estate.  See Young v. Patrice, 832 F. Supp. 732, 725 (S.D.N.Y. 1993) (noting, in a § 1983 suit where deceased defendant was sued in his personal capacity, that the "statement of death must be filed and served according to Rule 25, which most courts . . . have interpreted to require at least the naming of the executors of the decedent's estate"); see, e.g., McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985), cert. denied, 474 U.S. 1005 (1985) ("[A] suggestion of death does not set in motion Rule 25(a)(1)'s ninety-day limitation unless the suggestion identif[ies] the representative or successor . . . who may be substituted as a party.") (internal citations omitted); Rende v. Kay, 415 F.2d 983, 986 (D.C. Cir.1969); Gronowicz v. Leonard, 109 F.R.D. 624, 627 (S.D.N.Y.1986) ("To constitute a valid suggestion of death under Rule 25 . . ., the suggestion of death must identify the representative or successor who may be substituted as a party"); Al-Jundi v. Rockefeller, 88 F.R.D. 244, 247-48 (W.D.N.Y.1980) ("Al-Jundi I") (refusing to dismiss plaintiff's action for an untimely motion for substitution because "the statement of death did not list the names of the executors of [decedent's] estate, although this information should have been readily available to [defendants' counsel]"); Al-Jundi v. Rockefeller, 757 F. Supp. 206, 210 (W.D.N.Y.1990) ("Al-Jundi II") ("The statement [of death] must identify the person who has been named as the representative of the decedent's estate.").

Other courts have enforced the rule that the suggestion of death be served on the estate representative pursuant to Fed. R. Civ. Pro. 4, an action tantamount to naming the representative or successor to the deceased.[2]  See, e.g., Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir.1990); Fariss v. Lynchburg Foundry, 769 F.2d 958, 961 (4th Cir.1985); Kaldawy v. Gold

---

[2] Defendants have not served their "Suggestion of Death" on Bartlett's representative. Therefore, the 90-day time limit for filing a Motion for Substitution has not begun.

4

Serv. Movers, Inc., 129 F.R.D. 475, 477 (S.D.N.Y.1990). Even courts which do not mandate that the decedent's representative be named upon filing the suggestion of death may still find that the burden of identifying the substitute party rests on they who filed the statement of death. See Fehrenbacher v. Quackenbush, 759 F. Supp. 1516, 1519 (D. Kan. 1991) ("[T]he rule implicitly allocates the burden of identifying the substitute party to the party making the suggestion of death."). Therefore, because Defendants filed the Suggestion of Death, they bear the burden in determining whether Bartlett had an estate administrator or executor, and who this person is.

Some courts do not require that the decedent's representative be named with the suggestion of death. Nevertheless, this is often because the suggestion of death was filed by the party less likely to know who the proper representative is, i.e. the deceased's opposition in the lawsuit. See Hillesheim v. Bell Atlantic Pension Plan, Civ. A. No. 86-2126, 1988 WL 29381 (E.D. Pa. May 25, 1988) (stating that "it is difficult . . . to see how defendant could have named a non-existent person in the suggestion of death" when no administrator for plaintiff's estate had been appointed yet); Yonofsky v. Wernick, 362 F. Supp. 1005, 1011-12 (S.D.N.Y. 1973) (noting that defendant's suggestion of death of plaintiff was not defective when filed 2 days after plaintiff's death and served on plaintiff's counsel, because it would have been difficult to determine plaintiff's representative). Some courts opt to use Federal Rule 6(b) to enlarge time to address any difficulties that might interfere with the time limits for substitution, thus utilizing an additional tool to prevent the dismissal of cases on technicalities. See, e.g., Unicorn v. Banerjee, 138 F.3d 467 (2d Cir. 1988); Swiggett v. Coombe, 2003 WL 174311, at *2 (S.D.N.Y. 2003). Here, Bartlett was a defendant employed by the other named defendants, and thus, defendants are the parties in the position most likely to contain information regarding Bartlett's death and estate.

The cases that Defendants cite do not contradict this. Both cases cited place the burden on those who were seeking to substitute themselves in an action. In <u>Marcano v. Offshore Venezuala, C.A.</u>, 497 F. Supp. 204 (E.D. La. 1980), plaintiff's widow sought to continue her deceased husband's action. Defendants argue that she had the burden to demonstrate that she was the proper legal representative for the decedent because she filed the motion to dismiss. However, she was seeking to substitute herself for the decedent, and was most likely to possess the information demonstrating that she was a proper substitute. Moreover, the case was additionally complicated because the issue of whether she was a proper legal representative was an issue of Venezuelan law. <u>Id.</u> at 207. Similarly, in <u>United States v. Seventy-One Firearms</u>, 2006 WL 1983240 (D. Nev. 2006), a civil forfeiture case, the court placed the burden on decedent's heir to demonstrate that he was also decedent's estate administrator, who also was seeking to substitute himself, and was in the best position to possess or gain access to information about decedent's successors. <u>Id.</u> at *3. Here, Ms. Lambert is less likely than Defendants to have information regarding Bartlett's representatives, and is she does not seek to substitute herself for the decedent.

Courts have favored the disclosure of decedent's representatives, rather than dismiss cases where a cause of action is still valid. In that vein, survival statutes are to be "construed liberally to preserve a cause of action where there is doubt." W. Page Keeton et al., <u>Prosser and Keeton on the Law of Torts</u> § 126, at 943 (5th ed. 1984). Additionally, the purpose of the 1963 amendment to Rule 25 was "to liberalize the rule and to allow flexibility in substitution of parties." <u>Sinito v. United States Dep't of Justice</u>, 176 F.3d 512, 516 (D.C. Cir. 1999); <u>accord</u> <u>Tatterson v. Koppers Co., Inc.</u>, 104 F.R.D. 19, 20 (W.D. Pa. 1984) ("[T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to

6

otherwise meritorious actions, and extensions of the period may be liberally granted."). Therefore, Bartlett should not be dismissed due to his death, when Pennsylvania's statutes clearly provide that actions survive a party's death, and Defendants are in the best position to identify Bartlett's estate, successors, or representative.  At a minimum, Defendants should provide information relating to Bartlett's death, his most recent address, and his closest living relatives.

### III. Conclusion

For the reasons discussed above, Defendants' Motion to Reconsider should be denied, and Plaintiff's Motion for disclosure of Bartett's estate executor, administrator, distributor or representative, or in the alternative, for information relating to Bartlett's death, most recent known address, and closest living relatives should be granted.

/s/ Angus Love
Angus Love
I.D. No. 22392
PENNSYLVANIA INSTITUTIONAL LAW PROJECT
718 Arch Street, Suite 304S
Philadelphia, PA 19106
(215) 925-2966

Counsel for Plaintiff

DATE:  October 30, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LAMBERT, | : | |
| | : | CIVIL ACTION NO: |
| Plaintiff, | : | 96 CV. 247  Erie |
| | : | |
| v. | : | Judge Sean J. McLaughlin |
| | : | Magistrate Judge BAXTER |
| SUPERINTENDENT WILLIAM WOLFE, | : | |
| et al., | : | (Filed via ECF) |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Opposition to Motion to Reconsider the Court's Order of October 18, 2006 Permitting the Substitution of Defendant Bartlett's Estate, Successors, or Representatives as a Party Defendant was served upon the following via ECF this 30th day of October 2006:

Rob Willig
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219

I hereby certify that a true and correct copy of the Motion to Reconsider the Court's Order of October 18, 2006 Permitting the Substitution of Defendant Bartlett's Estate, Successors, or Representatives as a Party Defendant was served upon the following via first class mail this 30th day of October 2006:

James Eicher
209 McConnell Road
New Wilmington, PA 16152

                                                                                Respectfully submitted,
                                                                                 /s/Angus Love
                                                                              Angus Love, ID # 22392
                                                                              Pennsylvania Institutional Law Project
                                                                              718 Arch Street, Suite 304 South
                                                                              Philadelphia, PA 19106
Date: October 30, 2006                                 (215) 925-2966