## IN THE UNITED STATED DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA LAMBERT | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 96-247 |
| | ) Judge Sean J. McLaughlin |
| WILLIAM WOLFE; ESTATE OF | ) Magistrate Judge Susan Paradise Baxter |
| KEITH BARLETT, JOHN RAUN; | ) |
| JAMES EICHER; and VICTORIA | ) |
| KORMANIC | ) |
| | ) |
| | ) Electronically Filed |

### COMMONWEALTH DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMEDATIONS

AND NOW, come the Commonwealth Defendants, Wolfe, Estate of Bartlett, Raun, and Kormanic by their attorneys, Thomas W. Corbett, Jr., Attorney General, Robert A. Willig, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section and respectfully objects to this Honorable Court's Report and Recommendations for the following reasons:

1. This Court noted that "Plaintiff alleges that she suffered physical and mental abuse at the hands of prison staff. The abuse consisted of: 1) a series of rapes and sexual assaults by Defendant Officer James Eicher between March and October of 1994; 2) a number of 'sexually tainted' assaults by Defendant Officer John Raun between May of 1993 and October of 1994; and 3) the filming of Plaintiff by guards during a strip search while she was naked at the direction of Defendants Kormanic and Wolfe on November 11, 1994." (*See* Doc. # 71, p. 2).

2.  On October 26, 2006, the Commonwealth Defendants filed a Motion for Partial Summary Judgment arguing, *inter alia,* that Defendant Raun's alleged misconduct prior to August 20, 1994 was barred by the statute of limitations (*See* Doc. #'s 55-57).

3.  On May 31, 2007, this Honorable Court issued a Report and Recommendation recommending that the Commonwealth Defendants' Motion for Partial Summary Judgment be denied in all respects (*See* Doc. # 71). With respect to the Commonwealth Defendants' statute of limitations argument, this Court stated, "…the record before this Court is murky as to the chronology of events involving Raun and Lambert…Therefore, the application of the statute of limitations and the continuing violations doctrine is impossible to determine on this record. Because Defendants have not met their burden here, summary judgment should be denied." (*Id.,* p. 21).

4.  This Court granted the parties ten (10) days from May 31, 2007 in which to file objections (*Id.,* p. 23). This Commonwealth Defendants' objections to the Report and Recommendations follows.

5.  The Commonwealth Defendants respectfully submit that the Court erred in finding that Defendant Raun's alleged misconduct prior to August 20, 2994 was not barred by the statute of limitations.

6.  The seminal case in the area of "discrete acts" and the statute of limitations is *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The seminal case in this area in the Third Circuit is *O'Connor v. City of Newark,* 440 F.3d 125, 127 (3d Cir. 2006) which relies extensively on and follows the mandates of *National Railroad.* The continued viability of *National Railroad,* and therefore of *O'Connor,* has been firmly established by the very recent case

of *Ledbetter v. Goodyear Tire & Rubber Co., Inc.,* __U.S.__ (2007)(2007 WL 1528298)(May 29, 2007).

7.     In a recent prisoner case, Chief Judge Ambrose adopted the report and recommendation of Judge Caiazza in *Hunt v. Department of Corrections, et.al.,* 2007 W.L. 1412231 * 3 (W.D. Pa. May 11 ,2007) wherein the Court relied upon *National Railroad* and *O'Connor* in granting summary judgment to the Commonwealth Defendants.  The Court wrote:

> [e]ach of the incidents identified in Hunt's Amended Complaint involve discrete constitutional violations. "[C]auses of action that can be brought individually expire with the applicable limitations period." *O'Connor v. City of Newark,* 440 F.3d 125, 128 (3d Cir. 2006).  The continuing violations doctrine is applicable only when none of the incidents, alone, is not actionable. *Id.*  As the Supreme Court made clear in *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), "discrete…acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113; *see also id.* ("[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act.").

8.     In her response to the Commonwealth Defendant's Partial Motion for Summary Judgment, Plaintiff failed to address *National Railroad* and mentioned *O'Connor* only once and that just for the proposition that §1983 actions are governed by the personal injury statute of limitations of the state in which the cause of action accrued (*See* Doc. # 64, Plaintiff's Brief in Opposition to Defendants' Motion for Partial Summary Judgment, p. 21).  In its Report and Recommendation, this Honorable Court did not cite to these cases when rejecting the Commonwealth Defendants' statute of limitations argument.

9.     The Defendants respectfully submit that *National Railroad* and *O'Connor* are controlling and that Raun's alleged misconduct prior to August 20, 2994 is barred by

3

the applicable two (2) year statute of limitations. These two cases stand for the proposition that the concept of "continuing violation" does not apply in §1983 cases except in those rare §1983 cases properly raising a hostile work environment claim. Plaintiff certainly does not raise such a claim in the instant matter. These cases also stand for the larger proposition that under §1983 discrete acts are individually actionable and the statute of limitations starts to run when that discrete act occurs.

10. In *O'Connor, supra,* 440 F.3d at 127, the Court stated in unequivocal terms that in §1983 cases "discrete acts…are individually actionable" and the two year statute of limitations starts to run upon the occurrence of that discrete act. Discrete acts "are easy to identify." *O'Connor, supra,* 440 F.3d at 127 *quoting National Railroad, supra,* 536 U.S. at 114. They are those acts which in and of themselves give rise to a cause of action as opposed to those "acts which are not individually actionable but may be aggregated to make out" a claim. *O'Connor, supra,* 440 F.3d at 127.

11. There is no doubt that an assault on an inmate is individually actionable conduct under the 8th Amendment. *See e.g. Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992)(Force by a prison guard violates the 8th Amendment when it is not applied "in a good faith effort to maintain and restore discipline," but instead, applied "maliciously and sadistically to cause harm.") There certainly is no requirement that an inmate wait until she is assaulted numerous times before being able to seek redress in the courts. As such, every time Defendant Raun supposedly assaulted Plaintiff in the isolated confines of Luter Hall the two year statute of limitations began to run on that particular assault.

12. Plaintiff filed her complaint on August 20, 1996. The alleged assaults that occurred prior to August 20, 1994 are barred by the statute of limitations and are not properly before this Court.

13. In her complaint, Plaintiff contends that Defendant Raun's assaults ended in October of 1994. We know from the various documentation attached to the Defendants' motion for summary judgment that the last alleged assault occurred in a stairwell in Luter Hall on October 4, 1994. That means that only those assaults which allegedly occurred between August 20 and October 4, 1994, a period of roughly a month and a half, survive.

14. Plaintiff cannot argue that her allegations of assault against Defendant Raun survive under a "continuing violation" theory. Mr. O'Connor made the same argument with regard to his particular claims. "O'Connor argues, however, that the statute of limitations should be deemed equitably tolled because his complaint…involv[es] a continuing violation" which "requires aggregation of acts occurring outside the limitations period with those occurring inside the period." *O'Connor, supra,* 440 F.3d at 127. The Third Circuit soundly rejected that position holding that the actions of which Mr. O'Connor complained were discrete acts, just as in the instant case, and "under *Morgan*, they cannot be aggregated under a continuing violations theory…the *Morgan* rule [is] that individually actionable allegations cannot be aggregated…." *O'Connor, supra,* 440 F.3d at 127.

15. Plaintiff contends that she meets the three prongs of the *Cowell v. Palmer Twp.,* 263 F.3d 286 (3d Cir. 2001) continuing violation test. *National Railroad* and *O'Connor,* both decided after *Cowell*, however, place heightened importance on the third

5

prong of the *Cowell* test.  Plaintiff responds to the Commonwealth Defendants' statute of limitations argument by stating that "many of Raun's actions" were not discrete acts as they "would not have triggered a reasonable person or prisoner's realization that an actionable claim existed. Raun's initial 'advances' included sexual innuendo and some physical contact, but his actions did not immediately start with full-fledged violence.  For example, at first he would stare at Lambert, put his thumb across Lambert's mouth, and back her into a corner.  Although Raun did inappropriately touch Lambert, touching does not per se trigger a duty of a plaintiff to assert her constitutional rights." (*See* Doc. # 64, Plaintiff's Brief in Opposition to Defendants' Motion for Partial Summary Judgment, p. 23).

16.     Regardless of whether one agrees with Plaintiff's assertion that the acts just listed are not discrete acts, she is not suing for the "initial advances," the "sexual innuendos," or the minor "physical contact."  Nor is she suing because of Raun's alleged "continuous advances, staring, following her around, putting his thumb on her lips, [or] physical intimidation…." (*Id.,* p. 22).  Instead, she is suing Raun for the "full fledged violence" he allegedly inflicted upon her.  She sues for actions that any reasonable person would know would raise a claim. Plaintiff's complaint is crystal clear. She is suing Defendant Raun for "kiss[ing] and fondl[ing] [her] against her will…He also maliciously and sadistically beat her several times" between May 1993 and October 1994, "on several occasions…." (*See* Doc. # 1., ¶ 11).

17.     Plaintiff's Reply to Defendants' Statement of Material Facts Not in Dispute leaves no doubt that she complains of Raun having "sexual contact with the

6

plaintiff while physically abusing her…" (*See* Doc. # 64, Plaintiff's Reply to Defendants' Statement of Material Facts Not in Dispute, ¶ 5, p. 3).

18.     This Honorable Court had no difficulty understanding what allegations Plaintiff was lodging against Defendant Raun.  As noted above, this Court wrote, "[i]n the complaint, Plaintiff alleges that she suffered physical and mental abuse at the hands of prison staff.  The abuses consisted of…2) a number of "sexually tainted" *assaults* by Defendant Officer John Raun between May of 1993 and October of 1994…." (*See* Doc. # 71, p. 2)(emphasis added). Plaintiff uses almost the exact same language in defining her claims against Raun when she writes, "[t]he abuses consisted of:…(2) a number of sexually-tainted *assaults* administered by defendant John Raun, also a prison guard…." (*See* Doc. # 64, Plaintiff's Brief in Opposition to Defendants' Motion for Partial Summary Judgment, p. 1)(emphasis added).

19.     When a person is kissed and fondled against her will, when a person is maliciously and sadistically beaten several times on several occasions, and when a person is the victim of sexually-tainted assaults, she most assuredly knows it.  Any reasonable person who undergoes these traumatic events also certainly knows that they raise an actionable claim. Plaintiff's own language proves this.  Plaintiff admitted in her statement of facts that she "reasonably viewed a man rubbing himself against her, even with his clothes on, as 'sexual' activity, not only a physical assault." (*See* Doc. # 64, Statement of Material Facts in Opposition to Defendants' Motion for Partial Summary Judgment, ¶ 35, p. 9). Plaintiff admits that she testified, "I don't believe…[Raun] believed that I was a person, that I was a human being.  I believe that he just enjoyed hurting me and making

7

me feel afraid and slapping me and pushing me and just basically making me afraid of him." (*Id.*, ¶ 37, p. 9)

20.     Plaintiff contends that she was beaten "several times" on "several occasions" and that she suffered through a "number" of separate and distinct "sexually-tainted assaults." The Commonwealth Defendants respectfully submit that an assault is the quintessential "discrete act" triggering the statute of limitations. Plaintiff cannot seriously argue that she did not know that she was assaulted and that she did not know being assaulted was wrong. Her own words preclude her from making such an argument.

21.     This Court stated that the dates on which these alleged assaults occurred was "murky," and as a result, it was impossible to determine whether the statute of limitations applied on the record as it exists. The Commonwealth Defendants submit that if the chronology of events is "murky" that is so only because Plaintiff has never identified with any specificity when these purported assaults occurred. Plaintiff's failure cannot inure to her benefit nor can this non-specificity serve to make the statute of limitations irrelevant. To hold otherwise is to say that when a plaintiff fails to give an adequate timeline for the alleged wrong the statute of limitations does not apply.

22.     The Commonwealth Defendants respectfully disagree that the timeline in this case is "murky," or in the very least, that it is too "murky" to meaningfully apply the statute of limitations. Again, Plaintiff is stating that the actionable conduct is the assaults. Plaintiff writes that these assaults started in June of 1994 and ended on October 3 or 4, 1994. She writes, "Raun's physically and sexually provocative abuse of Lambert occurred several times a week between June of 1994 and October of 1994. On the last occasion (October third or fourth), Raun rammed his knee into her while she was in the

stairway, leaving large bruises and causing severe pain in her leg." (*See* Doc. # 64, Statement of Material Facts in Opposition to Defendants' Motion for Partial Summary Judgment, ¶ 35, p. 9)(citations omitted).

      23.    Plaintiff continues, "[b]etween June to October 1994, Raun's physical intimidation increased to several times a week. Lambert reported that in October 1994, Raun 'rammed his knee [into] me in the stairway. That was the time that he really hurt me. I had big marks on me and my leg hurt really bad.'" (*See* Doc. # 64, Plaintiff's Brief in Opposition to Defendants' Motion for Partial Summary Judgment, p. 22). Finally, Plaintiff writes, "[b]etween June 1994 and October 1994, '[e]very chance [Raun] got, every chance where he found [Lambert] alon[e] or where he ran into [Lambert] at work,' Raun would grind himself against Lambert, leave bruises, squeeze her hard and pull here hair. This occurred several times a week." (*Id.*)(citations omitted).

      24.    Prior to June of 1994, Raun committed acts which Plaintiff contends did not put her on notice that her rights had been violated. This must mean that what occurred prior to June 1994 were not discrete acts. The discrete acts and those acts upon which Plaintiff sues Raun were the assaults that occurred several times a week from June through October 3 or 4, 1994. While Plaintiff does not give specific dates for the alleged assault, we know that many of them supposedly occurred prior to August 20, 1994. Those assaults which occurred from June 1994 to August 20, 1994 are barred by the statute of limitations as they are discrete acts which are individually actionable.

WHEREFORE, it is respectfully requested that summary judgment be entered in favor of Defendant Raun with respect to his alleged misconduct that occurred prior to August 20, 1994.

    Respectfully submitted,

    **Thomas W. Corbett, Jr.**
    Attorney General

BY:    /s/ Robert A. Willig
        ROBERT A. WILLIG
        Senior Deputy Attorney General
        PA I.D. No. 53581

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date:  June 8, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within **Defendants' Objections to Report and Recommendations** was served upon the following by ECF this 8th day of June 2007:

Angus Love
Sue Ming Yeh
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304 South
Philadelphia, PA 19106


I hereby certify that a true and correct copy of the within **Defendants' Objections to Report and Recommendations** was served upon the following via first class mail this 8th day of June 2007:

James Eicher
209 McConnell Road
New Wilmington, PA 16142


/s/ Robert A. Willig
ROBERT A. WILLIG
Senior Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219