IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LAMBERT, | : | |
| | : | CIVIL ACTION NO: |
| Plaintiff, | : | 96 CV. 247 Erie |
| | : | |
| v. | : | Judge Sean J. McLaughlin |
| | : | Magistrate Judge BAXTER |
| SUPERINTENDENT WILLIAM WOLFE, | : | |
| et al., | : | (Filed via ECF) |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATIONS

Plaintiff Lisa Lambert brings this lawsuit pursuant to 42 U.S.C. § 1983 based on violations of her Fourth and Eighth Amendment rights. On May 31, 2007, the Court issued a Report and Recommendation which recommended denying Defendants' Motion for Partial Summary Judgment in all respects. Defendants Wolfe, Estate of Bartlett, Raun, and Kormanic[1] filed their objections to the Report and Recommendation on June 8, 2007, specifically arguing that "the Court erred in finding that Defendant Raun's alleged misconduct prior to August 20, [1]994 was not barred by the statute of limitations." (Commonwealth Ds' Objections to Report and Recommendations ("Ds' Objections"), Doc. # 72 at ¶ 5.) Plaintiff Lambert therefore submits her response to Defendants' Objections, and for the reasons discussed below, the Report and Recommendation should be adopted as the opinion of the Court.

---

[1] Defendant Eicher is not represented by the Office of the Attorney General and did not join in the Motion for Partial Summary Judgment or the Objections to the Report and Recommendation.

I.  **Defendant Raun's Harassment Constitutes A Continuing Violation And Is Not Barred By Statute of Limitations**

Defendant Raun's constant harassment of Lambert constitutes a continuing violation of Lambert's Eighth Amendment rights, and is not barred by statute of limitations. The statute of limitations applicable here is two years. See 42 Pa. Cons. Stat. § 5524; Urratia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 (3d Cir. 1996). Lambert filed this action on August 20, 1996, and thus Defendants argue that any alleged misconduct by Raun prior to August 20, 1994 is time-barred. However, the harassment here consists of an aggregation of sexually tainted acts, rising in intensity and frequency over a period of time. At their inception in May 1993, Raun's actions, while inappropriate, did not independently rise to the level of an Eighth Amendment violation; the incidents later escalated and accelerated through to October 1994, when the continuing violation became actionable.

    A.  THE CONTINUING VIOLATION PRINCIPLES CONTINUE TO APPLY AFTER NATIONAL RAILROAD PASSENGER CORPORATION V. MORGAN, O'CONNOR V. NEWARK, AND LEDBETTER V. GOODYEAR TIRE

In federal causes of action, when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuous practice falls within the limitations period. Brenner v. Local 514, United Bhd. of Carpenters, 927 F.2d 1283, 1295 (3d Cir. 1991). To establish a continuing practice, a "plaintiff must establish that the defendant's conduct is more than the occurrence of isolated or sporadic acts." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (quotation omitted). The three main factors in determining whether events constitute a continuing violation are: (1) subject matter, (2) frequency, and (3) degree of permanence. Id.

Defendants argue that National Railroad Passenger Corporation v. Morgan, 536 U.S. 101 (2002) and O'Connor v. City of Newark, 440 F.3d 125 (3d Cir. 2006) "are controlling" and that

2

the continuing violation doctrine does not apply in § 1983 cases except "in those rare § 1983 cases properly raising a hostile work environment claim." (Ds' Objections # 72 at ¶ 9.) Although Morgan was a case involving a hostile work environment, nowhere in the case does the Supreme Court limit its principles to hostile work environment claims. Similarly, O'Connor does not limit its principles to hostile work environment claims, and in fact, explicitly states, "The principles at work in Morgan apply with equal force to § 1983 claims." O'Connor, 440 F.3d at 128. The Third Circuit explained that "Morgan held simply that causes of action that can be brought individually expire with the applicable limitations period" and in contrast, "the 'hostile work environment' theory is designed explicitly to address situations in which the plaintiff's claim is based on the cumulative effect of a thousand cuts, rather than on any particular action taken by the defendant." Id. Since Morgan and O'Connor, courts have applied these principles to other situations not limited to hostile work environments. See, e.g. Cooper v. Beard, Civ. A. No. 06-0171, 2006 U.S. Dist. Lexis 80655, at *3-13 (E.D. Pa. Nov. 2, 2006) (finding a continuing violation for statute of limitations purposes where inmate was harassed and bullied when he had his personal belongings taken by prison staff, was denied visitation privileges, was placed in the RHU, and ultimately transferred, due to his refusal to participate in a prison sting operation); Wright v. O'Hara, Civ. A. No. 00-1557, 2002 U.S. Dist. Lexis 15327, at *2-5 (E.D. Pa. Aug. 14, 2002) (finding continuing violation where inmate had job taken away, had mail tampered with, and where a guard attempted to sexually assault him, threatened him with death, and attempted to incite other inmates to attack him).

    Nor did Morgan and O'Connor overrule the basic factors outlined in Cowell in determining whether a continuing violation exists; rather, they further clarify the distinction between "continuing violations" and "discrete acts," which is covered by the third factor outlined

in Cowell.  See Foster v. Morris, 208 F. App'x 174, 177-178 (3d Cir. 2006) (unpublished) (discussing Cowell and continuing violations); Garrett v. U.S. Dep't of Veterans Affairs, Civ. A. No.: 05-cv-1164 (JLL), 2006 U.S. Dist. Lexis 65172, at *13-16 (D.N.J. Sept. 13, 2006) (same). Prior to Morgan, the Third Circuit considered "discrete" acts as those that would "trigger a duty of the plaintiff to assert [her] rights arising from that deprivation." West v. Philadelphia Elec. Co., 45 F.3d 744, 756 (3d Cir. 1995).  Morgan differentiated between "discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim." O'Connor, 440 F.3d at 127 (citing Morgan, 536 U.S. at 113).[2]  Morgan sustained the plaintiff's racial harassment claims under continuing violation principles, noting that hostile environment claims involve repeated conduct, over a series of days or perhaps years, and a single act may not be actionable on its own.  Morgan, 536 U.S. at 115.

The recent Supreme Court case, Ledbetter v. The Goodyear Tire & Rubber Co., Inc., 127 S. Ct. 2162, 2007 U.S. Lexis 6295 (May 29, 2007) does not change this analysis.  Ledbetter involved pay differentials due to sex discrimination, and found that a "pay-setting decision is a 'discrete act.'" Id. at *7.  It did not discuss hostile environments or continuing violations. Defendants also cite to Hunt v. Dep't of Corrections, Civ. A. No. 03-277, 2007 U.S. Dist. Lexis 34816 (W.D. Pa. May 11, 2007), which is also distinguishable.  In Hunt, the plaintiff inmate alleged violations of the Eighth Amendment due to denial of medical treatment for Hepatitis C. The court found that the plaintiff failed to state a claim meeting the deliberate indifference standard of the Eighth Amendment, and failed to allege a violation within the limitations period. See Exh. A, Hunt v. Dep't of Corr., Magistrate Judge's Report and Recommendation at 6-7.

---

[2] Morgan identifies certain actions as "discrete acts" in the employment context:  termination, failure to promote, denial of transfer, and refusal to hire.  Morgan, 536 U.S. at 114.

4

Here, Lambert has provided sufficient evidence demonstrating that a violation occurred within the limitations period (when Raun rammed his knee into her in the stairway in October 1994), and experienced a continuous pattern of physical and sexual intimidation that taken together constitute a violation of the Eighth Amendment.

### B. RAUN'S ACTIONS ARE NOT "DISCRETE ACTS" AND CONSTITUTE A CONTINUING VIOLATION

In the case here, Raun initiated his harassment in May 1993, when he put his thumb on Lambert's lips, backed her in a corner, hugged her, and found her in secluded areas in Louter Hall. (See P Br. In Opposition to Ds' Motion for Partial Summary Judgment ("P Br. in Opp. to SJ"), Doc. # 64 at 21.) On December 24, 1993, Raun said to Lambert, "I haven't hurt you yet, but I could." (Id. at 22.) These initial incidents are most analogous to sexual harassment in the workplace, analyzed under the "hostile work environment" principles. Continuing violations found in the sexual harassment context do include acts that go beyond verbal abuse. For example, in Rush v. Scott Specialty Gases, 113 F.3d 476 (3d Cir. 1997), the court found a continuing violation where defendants would make "derogatory remarks" and "touch her inappropriately and sexually." Id. at 482, 483; see also Ebert v. Office of Info. Sys., C.A. No. 97-530-SLR, 1998 U.S. Dist. LEXIS 9100, at *26 (D. Del. 1998) (finding a continuing violation where harassment included demeaning comments and inappropriate touching).

Raun's physical intimidation escalated between June 1994 and October 1994, when Raun rammed his knee into Lambert while in a stairway. Defendants argue that there "is no requirement that an inmate wait until she is assaulted numerous times before being able to seek redress in the courts," and that "every time Defendant Raun supposedly assaulted Plaintiff in the isolated confines of Luter Hall the two year statute of limitations began to run on that particular assault." (Ds' Objections at ¶ 11.) However, the main actions included physical intimidation,

pulling her hair, grinding himself against her and bruising her mouth. Each of these actions, while inappropriate, would not be sufficient to constitute a freestanding violation if brought on its own without the entire pattern of behavior in view. The line between constitutional and unconstitutional in a prison context can be blurry. For example, verbal abuse or threats alone do not constitute constitutional claims. Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995). Moreover, the Supreme Court also noted in Hudson v. McMillian, 503 U.S. 1 (1998)[3] that "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action," id. at *9, and "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). These principles applied to the facts of this case indicate that Lambert would not have been able to present viable constitutional claims for the events that occurred outside the time frame of the statute of limitations.[4]

Whether certain acts trigger a plaintiff's awareness of a violation is based on a "reasonable person" standard. Hicks v. Big Brothers/Big Sisters of Am., 944 F. Supp. 405, 407 (E.D. Pa. 1996). Lambert has presented sufficient evidence to create a genuine issue of material fact as to whether Raun's actions constitute a continuing violation. Therefore, this issue should be presented to a factfinder and summary judgment should be denied.

---

[3] Defendants cite Hudson v. McMillian, 503 U.S. 1 (1992), asserting that assaults on inmates are individually actionable. The facts of Hudson are quite distinguishable here. In Hudson, the inmate was placed in handcuffs and shackles when a guard then "punched . . . in the mouth, eyes, chest, and stomach" while a second guard "held the inmate in place and kicked and punched him from behind." Id. at 4. A supervisor on duty watched the beating, but merely told the officers "not to have too much fun." Id. The assault on the inmate in Hudson was obviously cruel and unusual.

[4] Lambert also meets the first two factors of subject matter and frequency of the Cowell test for continuing violations. (See P. Br. in Opp. to SJ at 22.)

    C.   EQUITABLE PRINCIPLES SUPPORT A FINDING THAT PLAINTIFF LAMBERT'S CLAIMS ARE NOT TIME-BARRED

Equitable principles also support a finding of a continuing violation. The continuing violation doctrine is based in equity. Cowell, 263 F.3d at 292. In Wright v. O'Hara, the court found that plaintiff's claims of physical abuse and attempted sexual assault by a corrections officer were not barred by the statute of limitations based on plaintiff's efforts to assert his rights through the grievance process and resolve the matter before resorting to litigation. Wright, 2002 U.S. Dist. Lexis 15327, at *10-11. Here, Lambert reported Raun's behavior to Deputy Superintendent Utz in May 1993. (P Br. in Opp. to SJ at 12.) However, Utz laughed it off. When Lambert reported the incidents to Martha Miller, Raun became angry, intimidating Lambert into being too terrified to report any further incidents. (Id. at 24.) Therefore, the statute of limitations should be tolled, or a continuing violation should be found, and summary judgment denied.

## II.   Conclusion

For the reasons discussed, the Court should adopt the Report and Recommendation issued on May 31, 2007, denying summary judgment in all respects.

                                /s/ Angus Love
                                Angus Love
                                I.D. No. 22392
                                PENNSYLVANIA INSTITUTIONAL LAW PROJECT
                                718 Arch Street, Suite 304S
                                Philadelphia, PA 19106
                                (215) 925-2966

                                Counsel for Plaintiff

DATE: June 15, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LAMBERT, | : | |
| | : | CIVIL ACTION NO: |
| Plaintiff, | : | 96 CV. 247  Erie |
| | : | |
| v. | : | Judge Sean J. McLaughlin |
| | : | Magistrate Judge BAXTER |
| SUPERINTENDENT WILLIAM WOLFE, | : | |
| et al., | : | (Filed via ECF) |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Response to Defendants' Objections To Report and Recommendations was served upon the following via ECF on June 15, 2007:

Rob Willig
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219

I hereby certify that a true and correct copy of Plaintiff's Response to Defendants' Objections To Report and Recommendations was served upon the following via ECF on June 15, 2007 was served upon the following via first class mail on June 15, 2007:

James Eicher
209 McConnell Road
New Wilmington, PA 16152

                                                Respectfully submitted,
                                                /s/Angus Love
                                              Angus Love, ID # 22392
                                              Pennsylvania Institutional Law Project
                                              718 Arch Street, Suite 304 South
                                              Philadelphia, PA 19106
                                              (215) 925-2966

Date: June 15, 2007